He v. Holder

BIA
Schoppert, IJ
A087 462 832

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand fourteen.

PRESENT:
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

JIAN HUI HE,

        *Petitioner,*

    v.                                          13-3188
                                                NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, N.Y.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Carl McIntyre, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jian Hui He, a native and citizen of China, seeks review of a July 26, 2013, decision of the BIA affirming the December 14, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Jian Hui He*, No. A087 462 832 (B.I.A. July 26, 2013), *aff'g* No. A087 462 832 (Immig. Ct. N.Y.C. Dec. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8

U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that the agency's findings provide substantial evidence to support the adverse credibility determination. For asylum applications, like He's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on an asylum applicant's demeanor, the plausibility of his account, and any inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to [the agency's] credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The agency reasonably based its adverse credibility determination on the inconsistencies between He's testimony and the information contained in a Treasury Enforcement Communications System ("TECS") document. He testified that he was arrested and beaten in China in July 2007, left China in April 2008, and had not previously traveled outside of the country. However, the TECS document showed that he

3

passed through Hong Kong on his way to Colombia via Paris, France in March 2007, prior to his alleged persecution. He does not dispute the inconsistency, but instead argues that the TECS document is unreliable because: (1) it listed his sex as female; (2) the government did not identify who collected or recorded the information; and (3) it was unclear in which country the information was recorded. These arguments are unavailing. The Federal Rules of Evidence and the heightened procedural protections of a criminal trial do not apply to the admission of documentary evidence in a removal proceeding. *See Felzcerek v. INS,* 75 F.3d 112, 115 (2d Cir. 1996); Aslam v. Mukasey, 537 F.3d 110,114 (2d Cir. 2008). While the document inaccurately identified He as female, given the accuracy of the other, *more* detailed identifying information, i.e., He's name, date of birth, and passport number, it was not error for the agency to rely on the document.

He's reliance on a Third Circuit case is misplaced. The Third Circuit held that a State Department report, submitted to show an alien had forged documents, was unreliable because it contained "multiple hearsay of the most troubling kind" and gave no information as to the investigation that took place. Ezeagwuna v. Ashcroft, 325

4

F.3d 396, 406-08 (3d Cir. 2003). In contrast, the TECS document was used only to show identifying information and He's travel route, which did not require a qualitative assessment. Moreover, when, as here, a record is created as part of the routine duties of government officials, courts presume that they have properly discharged their official duties, absent clear evidence to the contrary. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).

Having called He's credibility into question, the agency reasonably determined that his failure to corroborate the approximate date that he left China further undermined his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee" (emphasis added)). "An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*,

496 F.3d 268, 273 (2d Cir. 2007). He's brother-in-law testified that he called He in April 2008, when He was purportedly in China. The agency reasonably gave little weight to this testimony because the telephone records did not show any outgoing calls to China, and there was no objective evidence verifying that a phone card was used to make the call.

He also submitted a letter from his father, who stated that the entire family, including He, was detained and beaten in July 2007 and that He left China in April 2008; and a letter from a member of his church in China attesting to the July 2007 incident. The agency reasonably afforded less weight to this evidence because the letters were unsworn and from interested witnesses not subject to cross examination. *See In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from relatives because they were "interested witnesses who were not subject to cross-examination"), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding weight accorded to applicant's evidence lies largely within agency discretion).

Given that the inconsistency calls into question He's presence in China at the time of his alleged persecution, the totality of the circumstances supports the adverse credibility determination. Because all of He's claims depend on the same factual predicate, the adverse credibility determination is dispositive of He's applications for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. He's request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7